## T. C. BUTLER *v.* KNOTT & DUNHAM.

**Bill of Exchange—Limitation—Subsequent Promise Must Be Alleged.**

When an action on a bill of exchange is barred by limitation, which is pleaded, and a subsequent promise to pay is relied on it must be alleged, and the statement that one deems himself bound for the debt cannot be construed to be an unconditional promise to pay.

APPEAL FROM JEFFERSON CIRCUIT COURT.

September 30, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

It does not appear in the record what propositions of law was submitted to the jury as applicable to the facts proved, nor that any evidence was offered by appellant that was objected to or excluded by the court; consequently, if the judgment can be reversed, it must be upon the sole ground that the same is clearly against the weight of evidence. It is not certified in so many words that the bill of exceptions contains all the evidence introduced on the trial; but if, by a liberal interpretation thereof, it be conceded that it is in substance so sated, still we do not feel authorized to disturb the verdict. The proof does not show that appellees, or either of them, undertook or promised to pay the lebt within five years after its maturity, and the statute of limitations

is pleaded and relied upon by both of them.   Brown proves that
Knott stated to him that he had paid over to Dunham the one-half
of the debt, which he intended to be applied as a payment *pro
tanto* on said debt, and as "*he deemed* he was liable and bound"
for the amount of the bill, "he would not make any defense to this
action."   This cannot be construed as an unconditional and direct
promise to pay the debt, nor was it so regarded by Brown, because
the action is brought on the bill of exchange, and a subsequent
promise to pay the debt is not alleged.   But the whole sentence is
the expression by Knott of his belief that he was still bound to
pay the debt, and while he continued in that belief, he would make
no defense to the action.   But after he became better informed
on the subject he resolved upon a different course of conduct, as
the result proved, for he did defend the action, and availed himself
of all the defenses that he believed he could make effectual.   And
having succeeded, we perceive no error prejudicial to appellants,
and the judgment must be affirmed.